IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAI CHANG,

                Plaintiff,                ORDER

v.

                                             09-cv-557-slc

P.N. CREDIT SERVICES, INC.,

                Defendant.

---

      Plaintiff Chai Chang has brought this action under the Fair Debt Collection Practices Act. Defendant P.N. Credit Services did not file an answer by the November 4, 2009 deadline for doing so. Plaintiff filed a motion for entry of default, and on December 8, 2009, the clerk of court entered the default. On December 11, 2009, defendant, a Massachusetts corporation, filed an answer and a brief opposing plaintiff's motion for entry of default signed by Patrick Wilson, who does not appear to be a licensed attorney. Plaintiff moves to strike the answer and brief because a corporation cannot be represented by someone who is not a licensed attorney.

      Under Fed. R. Civ. P. 11, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." It is well established that a corporation may appear in the federal courts only through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 924 (7th Cir. 2003). Thus defendant's answer and brief have not been properly filed because they is not signed by an attorney.

      Accordingly, I will grant plaintiff's motion to strike defendant's answer and brief. However, defendant should be given an opportunity to explain why it had good cause for failing to file a timely answer. It must also file a new answer signed by counsel. I will give defendant

until January 22, 2010 to file a motion to vacate the entry of default and a new answer. Plaintiff will have until February 5, 2010 to file a brief in opposition and defendant will have until February 12, 2010 to file a brief in reply. If defendant fails to file a motion and new answer by January 22, 2010, a default hearing will be scheduled.

## ORDER

It is ORDERED that:

(1) Plaintiff's motion to strike defendant's answer and brief opposing plaintiff's motion for entry of default is GRANTED;

(2) Defendant has until January 22, 2010, to file a motion to vacate the entry of default and a new answer. Should defendant file such a motion, the parties shall brief the motion in accordance with this order.

Entered this 4th day of January, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge